

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-21-2005

# USA v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1860

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Smith" (2005). *2005 Decisions*. Paper 799.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/799

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

‗‗‗‗‗‗‗‗‗‗‗

No:  04-1860

‗‗‗‗‗‗‗‗‗‗‗

UNITED STATES OF AMERICA

v.

BRIAN SMITH,

Appellant

‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗

Appeal from the United States District Court
for the District of New Jersey
(D.C. No.   00-cr-00399-2)
District Judge: John C. Lifland

‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗

Argued on April 20, 2005

Before: ROTH, FUENTES and BECKER, Circuit Judges

(Filed: July 21, 2005)

John A. Young, Jr., Esquire (Argued)
Willis & Young
921 Bergen Avenue, Suite 528
Jersey City, NJ 07306

       Counsel for Appellant

Ricardo Solano, Jr., (Argued)
George S. Leone

Office of the United States Attorney
970 Broad Street, Room 700
Newark, NJ 07102

---

OPINION

---

**ROTH**, Circuit Judge.

Brian Smith appeals his convictions for violating 18 U.S.C. §§ 241 and 242. Smith makes three arguments in protest of these convictions. First, Smith argues that the District Court erred when it denied his Motion for a New Trial based on the government's violation of Rule 16 of the Federal Rules of Criminal Procedure. Second, Smith argues that the District Court erred when it denied his Motion for a New Trial based on the government's violation of Brady v. Maryland, 373 U.S. 83 (1963). Third, Smith argues that the District Court erred when it denied his Motion to Sever his trial from that of his co-defendants.

Smith is also appealing his sentence of 108 months. Smith argues that his Sixth Amendment rights were violated when the District Court increased his sentence based on facts that the jury did not find beyond a reasonable doubt and that the District Court erred in applying the Sentencing Guidelines in a mandatory fashion. United States v. Booker, 125 S.Ct. 738 (2005). Because we have concluded that the sentencing issues that Smith

has raised are best determined by the District Court in the first instance, we will vacate

Smith's sentence and remand his sentence to the District Court for resentencing in

accordance with Booker. Before vacating and remanding the sentence, we will address

the issues Smith raises concerning his conviction.

## I.

On December 19, 2000, a jury found five Orange, New Jersey, Police Officers,

including Brian Smith, guilty of conspiracy to deprive civil rights and depriving civil

rights in violation of 18 U.S.C. §§ 241 and 242, respectively. These convictions stemmed

from the arrest and eventual death of Earl Faison, which took place on April 11, 1999.

Because the parties are familiar with the facts of this case, we will not repeat them here.[1]

Prior to trial, Smith filed a Motion to Sever his trial from that of his co-defendants.

The District Court denied the motion. Smith also filed two post-conviction Motions for a

New Trial, one based on the alleged Rule 16 violation and one based on the alleged Brady

violation. The District Court denied both. The District Court ruled that the Rule 16

violation was not prejudicial and that the undisclosed evidence in the Brady violation was

not material. Smith made a timely appeal for the denial of each of these motions.

## II.

Smith claims that the government violated Rule 16 because it failed to adequately

---

[1] We laid out the facts of this case in detail on the first appeal. See United States v. Smith, 294 F.3d 473 (3d Cir. 2002). On the first appeal, we reversed the District Court's grant of the defendant's post-verdict motion for acquittal on the conspiracy conviction.

disclose the opinion of its expert medical witness and the bases for that opinion. To succeed, Smith must show both that the government violated Rule 16 and that the violation was prejudicial. Even if the government did in fact violate Rule 16, we find that any such violation was not prejudicial to Smith because Smith's defense strategy would not have changed if the government had complied with Rule 16 and because Smith's trial counsel conducted a "highly professional and effective" cross-examination of the government's expert witness . We also reject Smith's argument that the government's failure to provide timely notice deprived him of the opportunity to request a pre-trial hearing pursuant to Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993). Once Smith objected to the witness's testimony, the District Court held a Daubert hearing and concluded that the witness was qualified under the standards in that case. Smith has pointed to no evidence undermining that conclusion, and we see none.

In Smith's Brady claim, he argues that the government failed to disclose to the defense that the laboratory technician who conducted the DNA testing in the case failed to perform negative control sample testing, which ensures the reliability of the DNA analysis. To succeed, Smith must show that (1) the evidence in question was favorable to Smith, (2) the government suppressed the evidence, and (3) the evidence was material to Smith's guilt. See Strickler v. Greene, 527 U.S. 263, 281-82 (1999). Smith contends that his claim should be evaluated under the relaxed standard of materiality set forth in United States v. Agurs, 427 U.S. 97, 103 (1976). We conclude that the evidence that the

negative control sample testing was not performed is not material to Smith's guilt on either charge under any standard of materiality, so we need not determine the appropriate standard.

Smith argues that the redaction of his co-defendants' statements combined with the District Court's instruction to the jury, which called attention to the use of the general term "individuals" in those statements, implicated him and violated his Sixth Amendment right to confront his accuser, in violation of Bruton v. United States, 391 U.S. 123 (1968).  We find that the redaction of the statements was sufficient to protect Smith's Sixth Amendment rights.  In this case, the use of the term "individuals" does not implicate any particular individual, including Smith, because it not only fails to point to a specific person, but also casts doubt on the number of individuals involved.[2]  Further, the use of the term "individuals" not only satisfies the standard in Gray v. Maryland, 523 U.S. 185 (1998) (holding that use of the term "deleted" in place of a defendant's name causes a redaction to be insufficient), but also satisfies Priester v. Vaughn, 382 F.3d 394 (3d Cir. 2004) (noting that where "there were at least fifteen other perpetrators involved in the shooting, and the phrases 'the other guy' or 'another guy' are bereft of any innuendo that ties them unavoidably to Priester").  The term "individuals" does not refer to a specific

---

[2]Smith also challenges the government's use of an edited version of Officer Thomas Smith's grand jury testimony, which stated that "four individuals had control of Mr. Faison" immediately after his arrest.  Because the testimony was not incriminating and because Brian Smith was not accused of violating Faison's civil rights in the moments immediately after his arrest, we reject this argument.

person, which was the cause for concern in <u>Gray</u>.  Further, the use of the term "individuals" is ambiguous as to the number of persons involved.  Thus, the redaction of the statements was sufficient.

III.

For the foregoing reasons, we hold that the District Court did not err when it denied Smith's motion to sever and his two motions for a new trial.  We will affirm the judgment of conviction.  As previously stated, however, we will vacate the sentence and remand for resentencing in accordance with <u>Booker</u>.